IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cr-16(1)** |
| | : | |
| **William A. Turner,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before the Court on Defendant William Turner's Motion for Revoke Detention Order. (ECF No. 81). On February 3, 2026, Magistrate Judge Jolson ordered Defendant William Turner to be detained pending trial. (ECF No. 68). In his Motion filed on February 20, 2026, Turner requested that this Court revoke the Detention Order. (ECF No. 81). This Court held a detention hearing on May 13, 2026, during which the parties argued their positions on the Detention Order. For the reasons set forth below, Defendant's Motion (ECF No. 49) is **DENIED**.

### I.  BACKGROUND

#### A.  Factual Summary of the Instant Offense

On January 22, 2026, Mr. Turner was indicted on multiple counts, including distribution of cocaine, felon in possession of a firearm, trafficking in firearms, and maintaining a drug-involved premises. (ECF No. 9.). He was later arrested on January 29, 2026. (ECF No. 81 at 2).

#### B.  Detention Hearing

Magistrate Judge Jolson held a detention hearing on February 3, 2026. (ECF No. 67). Magistrate Judge Jolson expressed concerns about Mr. Turner returning home to the same residence that he is accused of maintaining as a drug-involved premises. (ECF No. 81 at 2). She

1

also cited the nature of the offense, Turner's criminal history, and his history of substance abuse for her finding that Mr. Turner failed to rebut the presumption of detention. (*Id.*).

### C.  Walls's Motion for Reconsideration of the Detention Order

On February 20, 2026, Turner filed his Motion to Revoke the Detention Order. (ECF No. 81). On February 23, 2026, the Government filed its Opposition Motion. (ECF No. 82).

### D.  The Detention Hearing

On May 13, 2026, this Court held a detention hearing during which the parties addressed Turner's Motion. Turner requested that this Court reconsider pre-trial detention given that he can now stay with his sister and not at the home in which he is accused of maintaining a drug premises. Additionally, Turner argued that his Pre-Trial Services Report reflected a moderate risk profile and ultimately recommended his release with conditions. As such, Turner suggested that with drug testing and electronic monitoring, this Court could assure appearance and community safety.

On the other hand, the Government responded that in addition to the presumption of detention, Magistrate Judge Jolson appropriately issued the Detention Order after finding Turner was a danger to the community, the weight of the evidence against Turner is strong, and his criminal history weighed against release. The Government also argued that even though pretrial services recommend release of Turner, such recommendation was made without any consideration as to the penalties faced by defendant nor the rebuttable presumption against his release raised by the charges in this case.

### II.    STANDARD OF REVIEW

This Court reviews a magistrate judge's detention order de novo. *United States v. Ledbetter*, 2015 WL 5047994, at *1 (S.D. Ohio Aug. 27, 2015) (Marbley, J.). Sections 3142 and 3145 of title 18, United States Code, instruct whether pre-trial release is proper.

2

Under 18 U.S.C. § 3142, a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. In other words, to justify detaining the defendant pending trial, this Court must find that no set of conditions adequately control the risk of flight or danger that would result from release. *Id.* §§ 3142(b), (e); *United States v. Hodge*, 2017 WL 1546483, at *2 (S.D. Ohio May 1, 2017) (Marbley, J.).

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4). This Court has previously noted that 18 U.S.C. § 3142(e) contains a rebuttable presumption that adequate release conditions cannot be devised for defendants charged with serious drug and firearm offenses. 18 U.S.C. § 3142(e); *Hodge*, 2017 WL 1546483, at *2.

### III.  LAW & ANALYSIS

In his Motion, Mr. Turner contends that the Detention Order should be revoked because: (1) new evidence supports his release; and (2) he has rebutted the presumption of detention. (ECF No. 81 at 3–4). As to new evidence, Turner provides that his sister, Lisa Turner, resides at a separate residence than the one in which he is accused of maintaining a drug premises and has attested that Mr. Turner may reside with her until trial. (*Id.* at 3). In a sworn declaration, Lisa Turner affirmed that Mr. Turner may reside with her, that she owns no firearms, and she can transport Mr. Turner to court and pretrial services appointments. (*Id.* at 4).

3

Turner also argues that he has rebutted the presumption of detention. First, Turner contends that his incentive to flee, given he does not face a mandatory minimum term of imprisonment. (*Id.*). Second, Turner argues that his Pre-Trial Services Report reflected a moderate risk profile and ultimately recommended his release with conditions. As such, Turner suggests that with drug testing and electronic monitoring, this Court can assure appearance and community safety. (*Id.*). Third, turner notes that his most serious convictions date back to 2006, and he has completed probation successfully as recently as 2021. (*Id.* at 5). In terms of his prior incident of a failure to appear, Turner contends that incident was an "aberration, not a pattern" as he has appeared for all other hearings. (*Id.*).

The Government responds that in addition to the presumption of detention, Magistrate Judge Jolson appropriately issued the Detention Order after finding: (1) Turner was a danger to the community; (2) the weight of the evidence against Turner is strong; and (3) his criminal history weighed against release. (ECF No. 82 at 2–3). The Government also contends that Mr. Turner has failed to establish "special circumstances" that might warrant release in a drug presumption case. (*Id.*). According to the Government, even though pretrial services recommend release of Turner, such recommendation was made "without any consideration as to the penalties faced by defendant nor the rebuttable presumption against his release raised by the charges in this case." (*Id.*).

### A. Nature and Circumstances of the Offense Charged

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

4

The offenses charged in this case are six counts of distribution of cocaine, in violation of 18 U.S.C. §§ 841(a)(l)and (b)(1)(c); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 992(g)(1) and 942(a)(8); two counts of trafficking in firearms in violation of 18 U.S.C. §§ 933(1)(1) and (b); and maintaining a drug involved remises in violation of 18 U.S.C. § 856(a)(1).

In *Hodge*, this Court ordered the defendant, Kirtley Hodge, to be detained pending trial although the PSR recommended his release. 2017 WL 1546483. Hodge had been charged with the illegal possession of firearms and the possession and distribution of narcotics. *Id*. at *2. In its analysis, this Court dismissed as irrelevant Hodge's contentions that the weapons were never used. *Id.* Instead, this Court determined that Hodge's mere possession of firearms as a felon weighed heavily against his release. *Id.* This Court's ultimate decision to detain Hodge, however, was also based on other considerations. This Court determined that Hodge posed a risk of flight and of continued drug distribution based on the record evidence of Hodge's drug distribution activity (comprised of a significant quantity of narcotics and an inexplicably large sum of money that were found in Hodge's home) and Hodge's previous attempts to flee from arrest. *Id*. at *2–3.

In this case, the Government has charged Mr. Turner with possession of a firearm, drug distribution, trafficking of firearms, and maintaining a drug involved premises. Like the defendant in *Hodge*, Mr. Turner's possession of a firearm as a felon weighs heavily against his release. Additionally, the presence of firearms in the context of Mr. Turner's drug distribution charges elevates the level of danger associated with the offense. *United States v. Brooks*, 685 F. Supp. 3d 476, 479 (E.D. Mich. 2023). Further, the Sixth Circuit has opined that drug dealers are subject to a presumption of detention and accordingly, the Court "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that

the defendant has engaged in violence." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Considering the nature and circumstances of Mr. Turner's alleged offenses, this factor weighs in favor of detention.

### B.  Weight of the Evidence

This Court next considers the "weight of the evidence against" Mr. Turmer. 18 U.S.C. § 3142(g)(2). As explained by the Sixth Circuit, "the weight of evidence against the person 'deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community.'" *Stone*, 608 F.3d at 948 (quoting *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).

This Court first considers the weight of the evidence with respect to Mr. Turner's potential flight risk. The PSR contains facts which both support and undermine Mr. Turner's contention that he does not pose a flight risk. On one hand, the PSR notes that Mr. Turner has lived in Ohio his entire life and most of his family resides in Ohio. On the other hand, the PSR reveals that Mr. Turner has a prior instance of failing to appear at a hearing. Based on this history, and Mr. Turner's substance abuse history, this Court concludes that Mr. Turner poses a moderate risk of non-appearance.

This Court next considers the weight of the evidence with respect to Mr. Turner's potential danger to the community if released. As mentioned above, Mr. Turner faces charges for drug distribution and trafficking weapons. The Government notes that Mr. Turner will be subject to a lengthy period of incarceration if convicted, he has a history of violence and use of weapons, he has prior violations of court ordered supervision, and that he has a history of substance abuse. Such factors indicate that Mr. Turner has a high likelihood of engaging in criminal conduct or fleeing if released. *See United States v. Thompson*, 2026 WL 1284851, at *5 (E.D. Tenn. May 11, 2026)

(finding the weight of the evidence weighed in favor of detention where the defendant was charged with drug distribution and faced a minimum of ten years in prison).

### C.  Mr. Walls's History and Characteristics

This Court next considers "the history and characteristics of the person," including the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3).

Mr. Turner is 57 years old and appears to maintain strong familial ties in Columbus. He is presently employed full-time as a construction worker/laborer for Clean Masters. He has worked there on and off for 7 or 8 years. As mentioned, the PSR also indicates that Mr. Turner has a lengthy history of substance abuse and has failed to appear on a prior occasion. This Court next looks to Mr. Turner's criminal history. Mr. Turner has previously been convicted of drug and firearm offenses, he has five prior OVI related offenses, and more recently he has three domestic violence related convictions. This factor weighs in favor of detention.

### D.  Potential Danger to the Community

This Court last considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As mentioned above, Mr. Turner is charged with multiple dangerous offenses and accordingly poses a danger to the community. Given, Mr. Turner has a pattern of this conduct, this Court finds this factor also weighs in favor of detention. After reviewing all four factors under 18 U.S.C. § 3142(g)(4), this Court finds that no conditions of release will reasonably assure Mr. Turner's appearance or the

safety of the community. Thus, Mr. Turner's Motion to Revoke Detention Order will be denied, and he will remain detained pending trial.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion (ECF No. 81) is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: June 5, 2026**