IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

    vs.                            Criminal Action 2:26-cr-016(1)
                                   JUDGE ALGENON L. MARBLEY

WILLIAM A. TURNER

## REPORT AND RECOMMENDATION

Defendant William A. Turner previously pleaded not guilty to an indictment charging him with six counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 2, 3, 10, 15, 18); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 11, 16); two counts of trafficking in firearms in violation of 18 U.S.C. § 933(a)(1) (Counts 12, 17); and one count of maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1) (Count 19). *Indictment*, ECF No. 9. The *Indictment* also includes forfeiture provisions. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 112, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to plead guilty to Counts 10, 11, and 17.[1] On June 24, 2026, defendant personally appeared with his counsel for a change of plea proceeding.[2]

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25

---

[1] The *Plea Agreement* includes an appellate waiver whereby defendant agreed to waive, except under limited circumstances, any right to appeal or collaterally attack his conviction and sentence, and to move for a reduction of sentence. Defendant also agreed to the forfeiture provisions in the *Indictment*.

[2] At the change of plea proceeding, the United States orally moved to amend the *Indictment* and the *Plea Agreement*, as those documents relate to Count 17, in order to correct a scrivener's error, *i.e.*, to refer to the applicable statutory provision as "18 U.S.C. § 933(a)" rather than 18 U.S.C. § 933(a)(1). Defendant does not object to the motion. The oral motion is therefore **GRANTED.**

1

Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Indictment* and the consequences of his plea of guilty to Counts 10, 11, and 17.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on June 15, 2026, represents the only promises made by anyone regarding the charges against defendant in the *Indictment*.  Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*.  He confirmed that he is pleading guilty to Counts 10, 11, and 17 of the

2

*Indictment* because he is in fact guilty of those crimes.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 10, 11, and 17 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 10, 11, and 17 of the *Indictment* be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

3

June 24, 2026
 Date

_____*s/  Norah McCann King*_____
Norah M^cCann King
United States Magistrate Judge

4